# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**SHANE ASHTON LONIX**  **PLAINTIFF**
**ADC #145216**

v.    No: 4:20-cv-00179 PSH

**LERIZZA NUNAG**  **DEFENDANT**

## ORDER

Plaintiff Shane Ashton Lonix, an inmate confined at the Cummins Unit of the Arkansas Division of Correction (ADC), filed this *pro se* 42 U.S.C. § 1983 action on February 21, 2020, alleging that defendant Dr. Lerizza Nunag was deliberately indifferent to his knee injury (Doc. Nos. 2 & 4). On January 27, 2021, Lonix filed a letter motion requesting immediate medical attention (Doc. No. 25). The motion was construed as a motion for a preliminary injunction and docketed as such. Dr. Nunag filed a response and attached Lonix's recent medical records (Doc. Nos. 28 & 28-1). Lonix filed a reply (Doc. No. 29).

In his motion, Lonix alleges that he needs immediate medical attention for the "extreme pain, swelling, and disfunctions of my right knee . . . ." Doc. No. 25. Lonix claims he has trouble standing and walking and that the bone or bone marrow is

sticking out of his leg. He wants to be seen by another doctor, have pictures taken of his knee, and receive an MRI scan of his right knee.

The medical records submitted by Dr. Nunag reflect that Lonix complained about his leg in early October 2020 and again in January 2021. Doc. No. 28-1 at 1, 3, 14 & 16. On October 9, 2020, he was seen by a sick call nurse who referred him to the provider. *Id.* at 1. Dr. Nunag examined Lonix on October 13, 2020. *Id.* at 3. She prescribed Tylenol and nortriptyline, and recommended he receive an injection in his right knee. *Id.* She also recommended leg exercises. *Id.* The same day, Dr. Nunag wrote a prescription for an injection. *Id.* at 4.

Lonix's medical records do not reflect that he submitted another sick call until January 2021. On January 20, 2021, a sick call nurse referred Lonix to a provider for complaints of knee pain. Doc. No. 28-1 at 14. The provider examined him on January 27, 2021, and concluded there was "no clinical indication at this time for MRI to be ordered." *Id.* at 16. She prescribed Tylenol for pain and instructed Lonix to avoid certain exercises. *Id.*

The granting of injunctive relief is an extraordinary remedy, particularly in a prison context. *See Goff v. Harper*, 60 F.3d 518 (8th Cir. 1995). In that context, a request for injunctive relief must be viewed with great caution because judicial restraint is called for in dealing with the complex and intractable problems of prison administration. *See Id.* In considering whether to grant such relief, the Court must

consider the following factors: (1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest. *See Dataphase Systems, Inc. v. CL Systems, Inc.*, 640 F.2d 109 (8th Cir. 1981). "The burden of proving that a preliminary injunction should be issued rests entirely with the movant." *Goff*, 60 F.3d at 519-521 (citing *Modern Computer Systems v. Modern Banking Systems,* 871 F.2d 734, 737 (8th Cir. 1989) (en banc)).

Having considered the facts as alleged by Lonix in light of the *Dataphase* factors, the undersigned finds that preliminary relief is not warranted. Lonix's medical records show that he received treatment for his knee when he requested it in October 2020 and January 2021. He was prescribed pain medication on both visits along with other treatments, and at his most recent appointment, the provider determined that there was no clinical indication for an MRI. Because Lonix has not shown that he faces a threat of irreparable harm in the absence of a preliminary injunction, his motion is denied. *See Goff v. Harper*, 60 F.3d at 520 ("While no single factor in the balancing of the equities is determinative, the absence of a finding of irreparable injury is sufficient grounds for vacating a preliminary injunction."). *See also Adam-Mellang v. Apartment Search, Inc.*, 96 F.3d 297, 299 (8th Cir. 1996).

Furthermore, the preliminary relief Lonix seeks is tantamount to prevailing on the merits, at least with respect to the injunctive relief he seeks. "The primary function of a preliminary injunction is to preserve the status quo until, upon final hearing, a court may grant full effective relief." *Ferry-Morse Seed Co. v. Food Corn, Inc.*, 729 F.2d 589, 593 (8th Cir. 1984). Here, Lonix seeks an order to go beyond the status quo and award him the relief he seeks through his lawsuit. "Requiring [Defendants] to take affirmative action . . . before the issue has been decided on the merits goes beyond the purpose of a preliminary injunction." *Sanborn Mfg. Co. v. Campbell Hausfeld/Scott Fetzer Co.*, 997 F.2d 484, 490 (8th Cir. 1993). The undersigned would only award preliminary relief after fully developing the facts and resolving the issues. Additionally, the undersigned is hesitant at this juncture of the case to interfere in the complex and intractable problems associated with prison administration.

For the foregoing reasons, preliminary relief is not warranted. Lonix's motion for a preliminary injunction is denied.

IT IS SO ORDERED this 10th day of March, 2021.

_____
UNITED STATES MAGISTRATE JUDGE