## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**SHANE ASHTON LONIX**                                           **PLAINTIFF**
**ADC #145216**

**v.**                                  **No: 4:20-cv-00179 PSH**

**LERIZZA NUNAG**                                               **DEFENDANT**

## MEMORANDUM AND ORDER

### I.  Introduction

Plaintiff Shane Ashton Lonix commenced this case by filing a complaint pursuant to 42 U.S.C. § 1983 on February 21, 2020, while incarcerated at the Arkansas Division of Correction's Cummins Unit (Doc. No. 2).  At the Court's direction, Lonix filed an amended complaint to clarify his claims (Doc. No. 4).  He named multiple defendants and described several issues, but primarily alleged that defendant Advanced Practice Registered Nurse (APRN) Lerizza Nunag was deliberately indifferent to an injury to his right knee.  After screening Lonix's amended complaint, the Court allowed his Eighth Amendment deliberate indifference claim against Nunag to proceed and dismissed his other claims.  *See* Doc. Nos. 6 & 8.  Lonix sues Nunag in her official and personal capacities and seeks

compensatory damages and injunctive relief, including a new MRI scan on his right knee and a transfer to the ADC's Ouachita River Unit.  Doc. No. 4 at 2 & 10.

Before the Court is a motion for summary judgment, a brief in support, and a statement of undisputed material facts filed by Nunag (Doc. Nos. 39-41).  Lonix was notified of his opportunity to file a response and informed that if he did so, he must also file a separate, short statement setting forth the disputed facts he believes must be decided at trial as required by Local Rule 56.1.  *See* Doc. No. 42.  Lonix filed a response to Nunag's motion (Doc. No. 44), but did not file a separate statement of disputed facts.  Because Lonix failed to controvert the facts set forth in Nunag's statement of facts, Doc. No. 40, those facts are deemed admitted.  *See* Local Rule 56.1(c).  Nunag's statement of facts, and the other pleadings and exhibits in the record, establish that the material facts are not in dispute, and she is entitled to judgment as a matter of law.

## II.  Legal Standard

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(a); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986).  When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party.  *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir.

2002).  The nonmoving party may not rely on allegations or denials, and must instead demonstrate the existence of specific facts that create a genuine issue for trial.  *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007).  The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy.  *Id.* (citations omitted).

An assertion that a fact cannot be disputed or is genuinely disputed must be supported by materials in the record such as "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials . . .".  Fed. R. Civ. P. 56(c)(1)(A).  A party may also show that a fact is disputed or undisputed by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1)(B).  A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case.  *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012).  Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment.  *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

### III.  Facts

*Lonix's Deposition Testimony*

Lonix is 33 years old.  Doc. No. 40-2, *Deposition Testimony of Shane Ashton Lonix,* at 9.  He testified that he played sports from early childhood up through high school, including basketball, football, and track, and suffered several sports-related injuries to both knees while growing up.  *Id.* at 11.

Lonix's lawsuit only concerns his right knee.  *Id.* at 12-13.  Lonix testified he has had two or three surgeries on his right knee, with the last surgery occurring in 2018 after a fight.  *Id.* at 15, 43.  Lonix testified that he injured his right knee again after a fight in 2019.  *Id.* at 15.  As a result of that fight, Lonix testified he was assigned to administrative segregation on September 20, 2019, and has remained there for approximately eighteen months.  *Id.* at 15-18.  In administrative segregation, Lonix has no job; does not play basketball; takes his meals in his cell; and is confined most of the time.  *Id.* at 46.  Lonix testified that he is currently taking naproxen and Tylenol.  *Id.* at 46.

Lonix testified that he had an MRI on October 17, 2019, which indicated his right knee was "perfectly fine" and not injured.  *Id.* at 16, 20, & 39-40.  Lonix sues Nunag because he believes she should have ordered another MRI after the October 17, 2019 MRI.  *Id.* at 19-20, 25, & 32-33.  This is the only basis for his deliberate indifference claims against her.  *Id.*  Lonix testified that he believed Nunag should

4

have ordered another MRI "to make sure that the computer was doing its job. Because sometimes computer messes up.  Human makes mistakes.  Computer messes up."  *Id.* at 29.  He also stated, "[t]he first MRI scan was inconclusive, meaning the machine might have not worked properly, or a mistake, or it messed up some way."  *Id.* at 42.

*Lonix's Relevant Medical Records*

Lonix's medical records indicate that he had an ACL repair of his right knee on May 31, 2018.  Doc. No. 40-1, *Lonix's Medical Records,* at 3.  Lonix was examined by his orthopedic surgeon on January 28, 2019.  *Id.* at 4-5.  At that time, the orthopedic surgeon noted that the ACL "feels very stable."  *Id.* at 4.  He continued to receive medical treatment for his right knee on a regular basis from March 2019 until he had an MRI on his right knee on October 17, 2019.  *Id.* at 3-38.  The radiologist who read the MRI concluded:  "Postoperative change. No evidence for acute process. Degenerative signal body medial meniscus without signal abnormality extending to the articular surface."  *Id.* at 39.

On November 23, 2019, Lonix was examined by a nurse for complaints of knee pain.  *Id.* at 50.  The nurse noted that Lonix ambulated into the sick call area without difficulty and his gait was steady.  *Id.*  On November 27, 2019, Lonix was examined by APRN Rose Newby who reviewed the radiology history with Lonix including x-rays taken in March and May 2019 and the MRI report of October 17,

2019.  *Id.* at 51.  Newby prescribed two 500 mg of acetaminophen, three times per day as needed for thirty days and noted that Lonix would receive a one-to-one review of his MRI results.  *Id.*

On December 2, 2019, Lonix was examined by Nunag, who reviewed the MRI report with Lonix.  *Id.* at 53.  Nunag's notes indicate that she offered to prescribe nortriptyline, but Lonix refused that prescription and demanded a subsequent MRI. *Id.*  Nunag also stated:  "[Lonix] started stumping his feet several times like he is having tantrums.  Visit terminated due to his attitude and as he was leaving, inmate kicked the wall very hard with his affected knee."  *Id.*

On December 30, 2019, Nunag again examined Lonix for complaints of right knee pain.  *Id.* at 61.  At that time, Nunag noted "lateral joint knee discomfort with flexion, good extension, no crepitus, no redness, no swelling."  *Id.*  She also noted that the MRI of Lonix's right knee noted no evidence of acute process.  *Id.*  Nunag ordered nortriptyline 25 mg every evening for thirty days with two refills and an analgesic ointment twice daily as needed for thirty days.  *Id.* She also advised "straight leg exercises at all times" and to continue taking Tylenol.  *Id.*

Lonix continued to complain of right knee pain, *id.* at 64, 66, 69, 71, and was examined by Nunag again February 12, 2020.  *Id.* at 72-73.  At that time, Nunag noted no gait abnormalities, medial right knee discomfort, no crepitus, or swelling. *Id.*  Nunag reordered acetaminophen, 500 mg, twice per day as needed; analgesic

balm as needed twice daily; and to schedule an appointment with Dr. Scott for a possible injection for the right knee next week. *Id.*

Lonix filed his lawsuit on February 21, 2020. Doc. No. 2. Lonix continued to receive treated for his complaints of right knee pain subsequent to February 21, 2020. *Id.* at 75-181. The most recent medical record attached to Nunag's motion indicates that Lonix was examined by Newby for complaints of right knee pain on January 27, 2021. *Id.* at 180-181. At that time, Newby reviewed the radiology reports and performed a physical examination. *Id.* Newby prescribed acetaminophen 500 mg, twice per day as needed; directed Lonix to avoid exercises that would cause increased agitation such as lunges, squats or running; noted that there was no clinical indication for an MRI at that time; and directed Lonix to follow up as needed. *Id.*

*Affidavit of Dr. Chris Horan*

Dr. Chris Horan, a non-party medical doctor and the Regional Medical Director for Wellpath LLC, the contracted private healthcare provider that furnishes medical services to ADC inmates, reviewed Lonix's medical records from January 1, 2019, to the present including those submitted with Defendant's motion for summary judgment (Doc. No. 40-1). Dr. Horan prepared a declaration in support of Nunag's motion for summary judgment (Doc. No. 40-3). Based upon his review of Lonix's medical records and Lonix's deposition testimony, Dr. Horan opined that Nunag provided Lonix with appropriate care for his complaints during the relevant

period of time. *Id.* at 5. In Dr. Horan's medical opinion, Lonix has had appropriate access to healthcare and has been provided with appropriate care and treatment for his complaints of right knee pain. *Id.* at 5.

## IV. Analysis

The Eighth Amendment's proscription of cruel and unusual punishment obligates prison officials to provide adequate medical care to inmates in their custody. *Estelle v. Gamble,* 429 U.S. 97, 102–03 (1976). To succeed with an inadequate medical care claim, an inmate must show that the prison official was deliberately indifferent to the inmate's serious medical needs. *Coleman v. Rahija,* 114 F.3d 778, 784 (8th Cir. 1997). This requires a two-part showing that (1) the inmate suffered from an objectively serious medical need, and (2) the prison official knew of the need yet deliberately disregarded it. *Id.; see also Farmer v. Brennan,* 511 U.S. at 837; *Estelle v. Gamble,* 429 U.S. 97, 105 (1976). "A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Coleman v. Rahija,* 114 F.3d 778, 784 (8th Cir. 1997).

Additionally, the Eighth Circuit Court of Appeals has held that a "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir.

1995). Finally, an inmate alleging that a delay in medical treatment constitutes deliberate indifference is required to "'place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment.'" *Laughlin v. Schriro*, 430 F.3d 927, 929 (8th Cir. 2005) (quoting *Crowley v. Hedgepeth*, 109 F.3d 500, 502 (8th Cir. 1997)). If the inmate does not, he fails to raise a genuine issue of fact on an essential element of his claim, and summary judgment is appropriate. *Id.*

There is no evidence in the record to suggest that Nunag was deliberately indifferent to Lonix's serious medical needs. It is undisputed that Lonix has a long history of knee injuries and surgery to his right knee. The medical record establishes that Lonix received regular evaluation and treatment for his right knee pain in 2019, including two x-rays and an MRI on October 2019. Lonix made it clear in his deposition testimony that he simply does not trust the results of that MRI because he is still experiencing pain. He believes Nunag should have ordered another one, but he has come forward with no evidence showing the MRI was inconclusive or that there was any reason to follow-up with another scan. The radiologist reviewing the MRI did not suggest a follow-up or make any indication that additional treatment was necessary.

Nunag treated Lonix's complaints of knee pain following the MRI scan. She reviewed the results with him on December 1, 2019, and offered nortriptyline for his

pain, which he refused while demanding another MRI.  Nunag treated Lonix again on December 30, 2019, noting the MRI results and prescribing Tylenol, nortriptyline, an analgesic balm, and straight leg exercises.  And on February 12, 2020, Nunag reordered Tylenol for Lonix, prescribed analgesic balm, and referred him to Dr. Scott for a possible injection to his knee.  In sum, Nunag repeatedly treated Lonix's complaints of knee pain.  Lonix's subjective belief that he should have received another MRI is simply a disagreement with her treatment plan and is not evidence of deliberate indifference.  *See Davis v. Norris,* 198 F.3d 249 (Table), 1999 WL 1006437, at *1 (8th Cir. 1999) (a disagreement over a particular type of treatment does not give rise to an Eighth Amendment claim).  Accordingly, Nunag is entitled to summary judgment.

## V.  Conclusion

For the reasons stated herein, Nunag's motion for summary judgment (Doc. No. 39) is granted, and Lonix's claims are dismissed with prejudice.

DATED this 14th day of March, 2022.

_____
UNITED STATES MAGISTRATE JUDGE